# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**JERRY HAMM**                                                            **PLAINTIFF**

**V.**                                                       **NO. 3:19-CV-107-DMB-RP**

**WAL-MART STORES EAST, LP, and**
**ARAMARK CORPORATION**                                                **DEFENDANTS**

## ORDER

This slip-and-fall action is before the Court for review of subject matter jurisdiction.

## I
## Procedural History

On March 19, 2019, Jerry Hamm filed in the Circuit Court of Union County, Mississippi, a complaint against Wal-Mart Stores East, LP, and Aramark Corporation. Doc. #2. Hamm asserts a negligence claim based on unspecified injuries and "severe pain and suffering" allegedly caused by a fall at the Wal-Mart store in New Albany, Mississippi. *Id.* at 2. Hamm's complaint seeks recovery of past and future medical expenses, other compensatory damages, and post-judgment interest. *Id.* at 4.

On May 17, 2019, Wal-Mart, relying on diversity jurisdiction, removed Hamm's state court action to the United States District Court for the Northern District of Mississippi. Doc. #1. In its notice of removal, Wal-Mart asserts the $75,000 amount-in-controversy requirement is satisfied because Hamm denied various requests for admission related to the value of his claim. *Id.* at 4–6.

On July 26, 2019, this Court, noting that a denial of a request for admission, standing alone, is insufficient to satisfy the amount-in-controversy requirement,[1] issued an order for Wal-Mart to

---

[1] *Mabry v. Gov't Emp.'s Ins. Co.*, 267 F. Supp. 3d 724, 730 (N.D. Miss.), *reconsideration denied*, 268 F. Supp. 3d 885 (N.D. Miss. 2017).

show cause why this case should not be remanded for lack of subject matter jurisdiction. Doc. #25. Wal-Mart and Aramark[2] each filed a response to the show cause order. Docs. #27, #28.

## II
## Standard of Review

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed … to the district court of the United States … embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c).

Section 1332, the diversity jurisdiction statute, requires both complete diversity and an amount in controversy in excess of $75,000. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018). Complete diversity requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Moss v. Princip*, 913 F.3d 508, 514 (5th Cir. 2019). Where, as here, "a complaint alleges an unspecified amount of damages, the party invoking diversity jurisdiction must show by a preponderance of the evidence that the amount-in-controversy requirement is met." *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018). To satisfy this standard, a party may show that "it is facially apparent from the complaint that the claims exceed the jurisdictional amount" or may "rely on summary judgment-type evidence to ascertain the amount in controversy." *Id.* (alterations omitted). "Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quotation marks omitted).

---

[2] According to the notice of removal, Aramark consented to the removal. *See* Doc. #1 at 2.

# III
# Analysis

Aramark argues that the preponderance standard is satisfied under both the facially apparent test and the summary judgment evidence inquiry. Doc. #28 at 3–4. Wal-Mart argues only the summary judgment evidence standard. Doc. #27 at 1–5.

### A. Facially Apparent

In arguing jurisdiction under the facially apparent test, Aramark relies exclusively on *Gebbia v. Wal-Mart Stores, Inc.*, a case in which the Fifth Circuit found the facially apparent requirement satisfied where the plaintiff alleged

> that she sustained injuries to her right wrist, left knee and patella, and upper and lower back. Plaintiff alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement.

233 F.3d 880, 883 (5th Cir. 2000). Aramark contends the same allegations are advanced here. *See* Doc. #28 at 3.

Unlike the plaintiff in *Gebbia*, Hamm does not assert damages related to loss of wages, earning capacity, or permanent *disability* or disfigurement. Hamm alleges only that he suffered injuries of unknown severity to "his right elbow and body in general, which required medical treatment …." Doc. #2 at ¶¶ 11, 23. While Hamm alleges these injuries are "permanent in nature" and may require future expenses, *id.* at 4, there is no indication the past or future damages exceed the requisite amount. Courts have routinely held these types of general allegations fail to satisfy the facially apparent standard. *See Russell v. Bonilla Escobar*, No. 18-660, 2019 WL 2558258, at *6 (M.D. La. June 3, 2019) ("If the complaint is vague with regard to the types of injuries, medical expenses incurred, and future medical problems resulting from the incident, the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.") (collecting cases). Based on the vague and conclusory allegations in Hamm's

3

complaint, the Court concludes the facially apparent test has not been satisfied.

### B. Summary Judgment Evidence

Together, Aramark and Wal-Mart point to the following evidence to satisfy the amount-in-controversy requirement: (1) Hamm's denial of various requests for admission related to the value of his claims falling below the jurisdictional threshold; (2) Hamm's refusal to agree to a binding stipulation that he would not accept more than $75,000 in damages; (3) interrogatory responses showing that Hamm suffered a radial fracture to his right elbow and unspecified injuries to his wrist, face, and head; (4) evidence that Hamm has incurred $18,520.37 in medical expenses; (5) statements made by Hamm's attorney in a settlement demand letter that Hamm would need $6,750 for over-the-counter pain killers for the remainder of his life and that additional treatment "may[]be needed in the future to alleviate the pains should they arise;" and (6) the nature of the damages pled in Hamm's complaint.[3] Doc. #27 at 2–4; Doc. #28 at 1–4.

Aramark contends the facts of this case are analogous to those in *White v. FCI USA, Inc.*, 319 F.3d 672 (5th Cir. 2003). Doc. #28 at 3. In *White*, the Fifth Circuit found the amount in controversy satisfied based on (1) responses to interrogatories showing an actual loss of $13,000, and expected income loss of $100,000 per year; (2) responses to requests for admission suggesting that it was "possible" the claim would exceed the amount in controversy; and (3) the fact the plaintiff did not contest removal through an affidavit. 319 F.3d at 675–76.

Here, unlike in *White*, there is no evidence suggesting that Hamm is likely to suffer losses

---

[3] Aramark also cites a $250,000 verdict issued in 2011 by a Mississippi state court jury for an elbow fracture. Doc. #28 at 3. However, past verdicts merely establish what types of damages *could* be recovered, and thus fall short of the type of evidence sufficient to make a preponderance showing. *Marse v. Red Frog Events, LLC*, No. 17-1402, 2018 WL 3966975, at *3 (M.D. La. July 20, 2018); *see Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1221 (11th Cir. 2007) ("[W]e question whether such general evidence [of other suits] is ever of much use in establishing the value of claims in any one particular suit."); *Johanneck v. Target Stores, Inc.*, No. 2:14-cv-1607, 2014 WL 6968615, at *2 (D. Nev. Dec. 9, 2014) ("To prove this, defendant has provided the court with case law showing the amount of damages other plaintiffs have been awarded for lumbar vertebra fractures. However, defendant failed to prove that the damages in the instant case will be consistent with that case law.") (citation omitted).

of $100,000 in the future, much less annually. The facts of this case are far more similar to those in *Witchen v. Churchill Downs, Inc.*, No. 16-12356, 2016 WL 4751794, at *1 (E.D. La. Sept. 12, 2016). In *Witchen*, the plaintiff sought to recover compensatory damages, including pain and suffering and lost wages, from a fall which resulted in a hip fracture, hospitalization, and $22,999.08 in medical expenses. *Id.* Like Hamm, the plaintiff in *Witchen* declined to stipulate to the amount of damages sought. *Id.* at 4. The defendants sought to establish jurisdiction by pointing to the nature of damages, the medical expenses, and the refusal to stipulate to the damages sought. *Id.* However, the defendants offered no evidence of actual pain and suffering on the part of the plaintiff, and no evidence showing the potential cost of future medical expenses. *Id.* Under those circumstances, the district judge found the evidence insufficient to show the amount in controversy exceeded $75,000 because "[t]he general damages in this case are too speculative …." *Id.*

As in *Witchen*, Hamm suffered a fracture and incurred medical expenses well below the jurisdictional threshold ($18,520.37 here and $22,999.08 in *Witchen*). Even crediting Hamm's attorney's estimate in a settlement demand letter that Hamm would require $6,750 in additional treatment over the course of his life,[4] this fact would still leave the actual damages approximately $50,000 shy of the required $75,000. This chasm is not bridged by vague references to pain (which is apparently controllable by over-the-counter medication), by the mere possibility that Hamm may require additional treatment,[5] or by Hamm's refusal to place a ceiling on the value of

---

[4] "[I]t can be inferred from several Fifth Circuit cases that [consideration of a settlement demand] is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims." *McGlynn v. Hutson*, 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010) (citing *Pollet v. Sears Roebuck and Co.*, 46 F. App'x 226 (5th Cir. 2002); *Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908 (5th Cir. 2002); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994)).

[5] *See Mabry v. Gov't Emp.'s Ins. Co.*, 268 F. Supp. 3d 885, 889 (N.D. Miss. 2017) ("A defendant's preponderance burden on removal … requires more than a showing that 'plaintiff *could* recover more than the jurisdictional amount ….'") (quoting *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995)).

his claims through litigation conduct (such as responses to requests for admission or refusal to stipulate to the amount in controversy). *See Mabry*, 267 F. Supp. 3d at 729 ("If a denial of a request for admission could definitively establish jurisdiction in this Court, such a rule would be tantamount to allowing parties to improperly consent to jurisdiction even in the face of other undisputed evidence showing the absence of the requisite amount in controversy.").

In sum, this case involves a slip-and-fall resulting in a broken elbow and approximately $24,000 in past and future medical expenses where the only evidence of a higher amount in controversy is the plaintiff's refusal to limit his claims. Resolving all doubts in favor of remand, this evidence is insufficient to show the amount in controversy exceeds $75,000. *See Perry v. Asplundh Tree Expert Co.*, No. 5:15-cv-7699, 2015 WL 6479745, at *3 (S.D.W.V. Oct. 27, 2005) (amount in controversy not met in action which was "[a]t its core … a fractured arm"); *cf. Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003) ("close" question of whether amount in controversy satisfied where plaintiff "suffered severe debilitating injuries" and incurred $40,000 in medical bills). Accordingly, this Court lacks jurisdiction over the case.

### IV
### Conclusion

For the reasons above, this case is **REMANDED** to the Circuit Court of Union County, Mississippi.

**SO ORDERED**, this 1st day of November, 2019.

                                               /s/Debra M. Brown
                                               **UNITED STATES DISTRICT JUDGE**